```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-21955-Civ-GOLD
                              MAGISTRATE JUDGE P. A. WHITE
LEWIS D. GERMAINE,          :

      Petitioner,           :

v.                          :         REPORT OF
                                      MAGISTRATE JUDGE
KENNETH ATKINSON, Warden,   :

      Respondent.           :
_____
```

On June 11, 1020,[1] while confined at the local Federal Correctional Institution, in Miami, Florida, the petitioner, Lewis D. Germaine, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43 challenging the execution of his sentence by the Bureau of Prisons. The petitioner seeks relief in the form of an Order from this court requiring that the Bureau of Prisons (BOP) reconsider the factors enumerated in 18 U.S.C. §3621(b), and change the date of his placement in a Residential Reentry Center ("RRC").

This Court has reviewed the petition (DE#1) with supporting exhibits, and the respondent's response thereto with exhibits (DE#9).

Procedurally, on January 19, 1999, the petitioner was sentenced to a total term of 200 months in prison, in the Southern District of Florida, case no. 97-346-Cr-Davis(Huck). (Cv-DE#1; Cv-DE#9:Ex.1:¶4). His projected release date, after application of all good time credit is currently December 5, 2010. (Cv-DE#1:3).

The petitioner concedes he has been considered for placement

---

[1] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

in the RRC, but claims that his placement into the RRC 90 days prior to his release is an insufficient amount of time for him to successfully reintegrate into society. He requests placement into the RRC for a period of at least six months prior to his release date.[2] He seeks relief in the form of an Order from this court requiring that the Bureau of Prisons (BOP) reconsider the factors enumerated in 18 U.S.C. §3621(b), and change the date of his placement in a Residential Reentry Center ("RRC").

It should first be noted that a federal prisoner who requests habeas corpus relief under 28 U.S.C. §2241 must first exhaust his administrative remedies before seeking relief from this court. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

The Federal Bureau of Prisons ("BOP") has established regulations that set forth the procedures[3] that a prisoner must follow before seeking relief from a district court. See 28 C.F.R. §§542.10 *et seq.*; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify

---

[2] It should be noted that even if this court were able to grant the relief request, at this juncture, there is less than one week left prior to his RRC placement date of September 5, 2010. Consequently, the issue will be moot once the time for filing objections to this Report expires.

[3] Specifically, the BOP provides for a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. §542.10-542.16. Initially, prisoners must seek resolution of issues through informal grievances. Id. at §542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. Id. at §542.13(b). An appeal may then be taken to the Regional Director. Id. at §542.15. Finally an inmate may appeal the Regional Director's response to the General Counsel for the BOP. Id. Each of these steps is generally required to satisfy the exhaustion prerequisite. Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending. Meagher v. Dugger, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

the procedures that inmates must pursue before attempting to seek relief in federal court. <u>United States v. Herrera</u>, 931 F.2d 761, 764 (11th Cir. 1991). Only after an inmate has pursued his administrative remedy may he seek relief in federal court. <u>Id</u>. "Exhaustion of administrative remedies is jurisdictional" when a petition is filed pursuant to 28 U.S.C. §2241 for release from federal prison. <u>Gonzalez</u>, 959 F.2d at 212; <u>Winck v. England</u>, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003).

Upon review of the petition and the government's response thereto, it does not appear that the petitioner has exhausted his available administrative remedies with respect to the arguments presented in his petition.[4] <u>See</u> DE#9:Ex.2. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that he exhaust available administrative procedures established by the BOP. Any subjective belief on the part of the petitioner that exhausting administrative remedies is a futile effort is insufficient to excuse him from first pursuing the relief he seeks through the appropriate administrative channels. <u>See</u> <u>Hicks v. Jordan</u>, 165 F. App'x 797, 799 n. 2 (11th Cir. 2006)(reasoning that compliance with statutory exhaustion requirements is not satisfied by a judicial conclusion that these requirements need not apply due to futility); <u>Hessbrook v. Lennon</u>, 777 F.2d 999, 1003 (5th Cir. 1985).

Moreover, to the extent the petitioner means to argue that exhaustion would be futile here, that argument also fails. Although the §2241 exhaustion requirement appears to be judicially created, not statutory, and judicially created exhaustion requirements

---

[4]Ruth Wombacher, the Legal Instrument Examiner, at the local federal detention center, states in her affidavit that the petitioner that while the petitioner appealed the denial of his administrative relief by the Warden at the Regional Level, he did not exhaust the issue because he failed to appeal the Regional decision to the General Counsel for the BOP. (DE#9:Ex.2:¶¶3-5).

3

ordinarily are subject to narrow exceptions, including futility, "there are grounds for doubt that a futility exception is even available." See James v. United States, 168 Fed.Appx. 356, 359 (11th Cir. 2006).

Assuming, without deciding that a futility exception were available, the petitioner has alleged no persuasive grounds for invoking it in this case. See cf., Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)(holding that the presumptive release date did not excuse the prisoner's failure to exhaust). Thus, the petitioner's failure to exhaust his administrative remedies operates as a judicial bar that precludes the court's consideration of the merits of the petition. For this reason, the case should be dismissed without prejudice to allow the petitioner the opportunity to pursue his administrative remedies. See 28 U.S.C. §2243.

Regardless, it also appears that the petitioner is relying on decisions in cases involving challenges to the BOP's 2002 and 2005 RRC's which were formerly referred to as Community Confinement Centers ("CCC"). (See Cv-DE#1). Those policies categorically and by rule-making limited an inmate's RRC release to the lesser of ten percent of his sentence or the last six months of his sentence. See Jones v. Astrue, 494 F.Supp.2d 1289, 1300 (N.D. Ala. 2007). These factors are not present here.

The petitioner's RRC placement was determined under the Second Chance Act of 2007, signed into law on April 9, 2008. The Second Chance Act requires the BOP to consider an inmate, by individual determination, for placement in an RRC for up to 12 months, under the administrative procedures currently available to an inmate. See 28 C.F.R. §570.21. The petitioner has conceded that an individual determination was made and the petitioner was considered for placement in an RRC. (DE#1). He claims, however, that his placement

4

date is insufficient, and wants the BOP to place him earlier into the RRC. Thus, by the petitioner's own admission the factors set forth in 18 U.S.C. §3621(b) were considered, and it was determined that release to an RRC would be had on September 9, 2010. At the time the determination was made, the petitioner was afforded an opportunity to present and provide any relevant information for the BOP's consideration regarding his placement.

Under the totality of the circumstances present here, it appears that the petitioner has been properly considered for placement in the RRC or home confinement. The petitioner, however, appears to argue in the alternative that the BOP improperly considered his history of violence when making the RRC placement determination. Although unexhausted, that claim, however, warrants no relief. The law is clear that the BOP has exclusive authority to designate a prisoner's place of confinement. See 18 U.S.C. §3621(b); United States v. Henderson, 526 F.2d 889, 896-97 (5th Cir. 1976); United States v. Eakman, 378 F.3d 294 (3rd Cir. 2004); United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995). Moreover, the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors in §3621(b). See Sommerville v. Dewalt, 2009 WT 121158, *5 (E.D.Ky. 2009); Miller v. Whitehead, 527 F.3d 752, 757-58 (8th Cir. 2008).

If the petitioner also means to argue in the alternative that the Second Chance Act is an unconstitutional bill of attainder and violates equal protection, that claim likewise warrants no habeas relief. In considering these claims, we note at the outset that when another related provision of this federal law which permitted sentence reductions for specific classes of inmates was similarly challenged as a bill of attainder and violative of equal protection

5

principles, that challenge was flatly rejected by a district court. Stanko v. Cruz, No. 08-856, 2008 WL 4849025 (D.Minn. Nov.6, 2008) (rejecting constitutional challenges to the Bureau of Prisons residential drug abuse program).

Here, the constitutional challenges advanced by the petitioner must fail. At the outset, with respect to any allegation by the petitioner's that the Second Chance Act constitutes an unlawful bill of attainder:

> [W]hich is forbidden under Article I, § 9 of the U.S. Constitution [we note that] [s]uch a bill occurs where Congress, by a legislative act, imposes punishment against a particular person or group without trial. The rationale is that, because trial and punishment are committed to judicial process, Congress cannot usurp the judicial role by inflicting punishment directly. *See United States v. Van Horn,* 798 F.2d 1166, 1168 (8th Cir.1986). [In contrast] [w]here a person is convicted for a crime in accordance with judicial process, statutes that prescribe the punishment for the crime are not bills of attainder, as such statutes do not usurp the judicial role. *Van Horn,* 798 F.2d at 1168. And where a statute withholds a benefit or privilege, the statute does not implicate punishment and therefore cannot be a bill of attainder. *See Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir.1985).

Stanko v. Cruz, 2008 WL 4849025, *2-3.

The essence of the "Bill of Attainder Clause, [is that] legislatures are forbidden to enact '[l]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial,' United States v. Brown, 381 U.S. 437, 448-49, 85 S.Ct. 1707, 14 L.Ed.2d 484, (1965)." Artway v. Attorney General of State of N.J., 81 F.3d 1235,

6

1253 (3d. Cir. 1996). Thus, this constitutional protection has only a very limited application to administrative policies in a prison setting. In fact, the United States Court of Appeals for the Third Circuit has repeatedly acknowledged the very limited role of this constitutional provision in the prison setting and has declined invitations to extend the Bill of Attainder clause to various correctional policies and practices, finding that those policies were not designed to inflict punishment without trial on any selected class of persons. Myrie v. Commissioner N.J. Dep't. Of Corrections, 267 F.3d 251 (3d Cir. 2001)(inmate commissary surcharge not a bill of attainder).

These principles are fully applicable here, and are fatal to the petitioner's bill of attainder argument. The provisions of the Second Chance Act which the petitioner attacks cannot fairly be characterized as measures that single him out in a punitive fashion without a trial. Quite the contrary, these provisions are clearly rehabilitative in nature, and are intended to help inmates return to society rather than punish prisoners.

Moreover, any equal protection argument also fails. "[I]f a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relationship to some legitimate end." Romer v. Evans, 517 U.S. 620, 631 (1996). "In the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." Romer, 517 U.S. at 632. Indeed, under rational basis review, legislation enjoys a presumption of validity, and the plaintiff must negate every conceivable justification for the classification in order to prove that the classification is wholly irrational. See Federal Communications Comm'n v. Beach Communications, 508 U.S.

7

307, 314-15 (1993).

Judged against these benchmarks, the BOP's program under the Second Chance Act "bears a rational relationship to some legitimate end," Romer v. Evans, 517 U.S. 620, 631 (1996), and, therefore, is entitled to a presumption of validity.

Thus, it is recommended that this petition for writ of habeas corpus be dismissed without prejudice due to the petitioner's failure to exhaust his available administrative remedies. Alternatively, the court recommends that the petition be denied on the merits.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 24th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Lewis D. Germaine, Pro Se
    Reg. No. 50248-004
    F.C.I.-Miami
    P.O. Box 779800
    Miami, FL 33177

    Anthony Pogorzelski, AUSA
    U.S. Attorney's Office
    99 N.E. 4th Street, Third Floor
    Miami, FL 33132